UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )
                                    )
        **v.**                      )      Criminal No. 19-10365-DJC
                                    )
**QUINCY HAROLD,**                  )
                                    )
        **Defendant.**              )
_____ )

## MEMORANDUM AND ORDER

**CASPER, J.**                                           **January 28, 2020**

### Introduction

Upon the motion of Defendant Quincy Harold ("Harold") to appeal the November 7, 2019 Order of Detention Pending Trial ("Detention Order"), D. 34, the Court has made an independent, *de novo* review, see United States v. Pierce, 107 F. Supp. 2d 126, 128 (D. Mass. 2000); United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990), of the record and counsel's arguments. For the reasons stated below, the Court DENIES the motion to revoke Detention Order, D. 42, and the Detention Order shall remain in place.

In entering the Detention Order, the Court (Kelley, M.J.) concluded that no condition or combination of conditions would reasonably assure Harold's appearance pursuant to 18 U.S.C. §3142(g), D. 34 at 2, identifying his "[p]articipating in criminal activity while on probation, parole, or supervision" and his "[p]rior failure to appear in court as order" as grounds for same. Id. at 2-3. For such finding to warrant pretrial detention, there must be a showing, upon a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the Defendant's appearance. 18 U.S.C. § 3142(e); United States v. DiGiacomo, 746 F. Supp. 1176,

1

1180-81 (D. Mass. 1980). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required, the Court must consider the factors under 18 U.S.C. § 3142(g) including the nature and circumstances of the offenses charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger that the defendant's release would pose. The Court addresses each of these factors in turn.

## Discussion

The charges against Harold, possession of an unregistered firearm and transportation of a stolen vehicle, are made all of the more serious by the nature and circumstances in which they were committed. These charges arise out of an alleged carjacking committed at gunpoint in Providence, RI involving Harold and two other defendants, all of whom were apprehended and arrested a short time later in Randolph, MA. D. 1-1 at 1-3; D. 46 at 1-2. Although Harold's counsel has argued that, even as alleged, Harold played a less culpable role than the other two men, and that the case against Harold is a triable one, see D. 42 at 3, the nature and seriousness of these offenses is a factor that this Court has considered and weighed, particularly where conviction on these charges would likely lead to, even by defense counsel's calculations, three to four years of imprisonment. D. 42 at 7.

Also, as Judge Kelley did, D. 34 at 3, this Court has considered Harold's personal history and characteristics, another of the factors under Section 3142. As his counsel has noted, Harold is 23 years old and lives with his parents and one of his children (age 4) in Providence. D. 42 at 2. He has ongoing support from his parents and several community members who submitted letters on Harold's behalf to the Court. Harold has worked as a house painter and as a seasonal worker for a delivery company and there is indication that the painters' company would employ him again

if released.  D. 42 at 2.  The Court would agree with Judge Kelley's characterization of Harold having "a minimal criminal record."  D. 34 at 3; D. 42 at 2.  He has two driving infractions (both for driving with a suspended license) for which he received a guilty finding and fines and costs.  See D. 42 at 2.  Harold also has a 2014 willful trespass charge for which he received a year of probation and was ordered to pay restitution.  See id.  In addition to the serious charges now pending against him in this case, he also has outstanding charges for drug possession and driving with suspended license (third offense) pending against him in Providence.  See id.  What is more concerning about Harold's criminal record is that it evidences failures to appear in court as ordered in the past.  Although his trespass offense in 2014 was far less serious than the present charges against him, even when the stakes were far less grave, at least one bench warrant was issued in that case to compel Harold's appearance during the pendency of that case when he failed to appear.  D. 42-4 at 4 (April 22, 2015 arraignment for which Harold does not appear and bench warrant cancelled after arraignment held on April 28, 2015).  Although further bench warrants issued in that case after Harold entered a nolo plea appeared to concern his failure to appear at reviews of his outstanding restitution obligations, D. 42-4 at 3-6 (bench warrants entered and cancelled on various dates after plea is entered and restitution is outstanding), these instances still reflect Harold's failure to comply with court orders.

More concerning, however, was Harold's failure to appear in Quincy District Court on the charges in this case before they were adopted for federal prosecution in this Court.  D. 46 at 3.  After a dangerousness hearing in state court on these charges, unlike his co-defendants, Harold was released on bond and ordered to appear on August 16, 2019.  D. 34 at 3.  It is undisputed that Harold, then also living with his parents, failed to appear on August 16, 2019 and a state court warrant was issued for his failure to appear.  D. 42 at 4.  Harold was later arrested on September

23, 2019 on these federal charges.  Id.  Although Harold previously represented to the Court that he was frightened to report to state court on August 16th since he had been attacked and beaten for being a "rat," D. 42-2 at 28, 38, further clarification revealed that this attack occurred after, not before, August 16, 2019.  D. 29-1 at 1.  The police report regarding this August 25, 2019 incident, was produced to the Court after the October 10, 2019 detention hearing, but before Judge Kelley issued the Detention Order.  D. 34 at 3. This police report reflects Harold's own report at the time that the attack arose from a dispute with an ex-girlfriend over a cellphone and keys of hers that she accused Harold of retaining.  D. 29-1 at 1.  Even if this Court considers the suggestion that Harold, still in fear of these individuals having assaulting him because they perceived he was a "rat," was untruthful with the Providence Police on August 25th about the motivation of his assailants, it still does not resolve the contradiction that this incident occurred after his failure to appear on August 16, 2019 or that his father, with whom Harold lived at the time, provided non-safety related reasons for Harold's failure to appear in state court that day.  D. 42-2 at 38.

The Court has considered the conditions of release that defense counsel has recommended and that this Court could impose (and Pretrial Services could monitor) Harold on stricter conditions than the Quincy District Court did when it released him on cash bail.  D. 42 at 5.  The core of such conditions, however, were in place at the time that Harold failed to appear in state court:  he was ordered to appear by a court; he was living with his parents; and he was facing serious charges which could, if he is convicted, lead to years of incarceration.  Accordingly, although the government does not pursue its contention that Harold would be a danger to the community if released (a ground rejected by Judge Kelley), this Court concludes on this record, and for the reasons stated above, that the government has met its burden of showing by a preponderance of

4

the evidence that no condition or combination of conditions will reasonably assure Harold's appearance.

## **Conclusion**

Accordingly, the Court DENIES the appeal of the Detention Order, D. 42, and that Detention Order shall remain in place pending trial.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge